UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VANESSA ALVARADO,<br>o/b/o N.A.V. a minor child,<br><br>                  Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | No. 4:16-CV-05161-EFS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S SUMMARY JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION**<br><br>**CLERK'S OFFICE ACTION REQUIRED** |

Before the Court are the parties' cross motions for summary judgment, ECF Nos. 11 & 12. Plaintiff N.A.V. appeals a denial of benefits by the Administrative Law Judge (ALJ).[1] The Commissioner of Social Security (Commissioner) asks the Court to affirm the ALJ's decision finding Plaintiff not disabled. ECF No. 12.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands this case to the ALJ for further proceedings.

///

//

/

---

[1] Vanessa Alvarado is seeking benefits on behalf of her minor child, N.A.V. In this Order, the Court refers to N.A.V. as "Plaintiff."

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF - 1

## I. PROCEDURAL HISTORY[2]

Plaintiff was born on August 29, 2004. Administrative Record (AR) 138. On April 8, 2013, Plaintiff's mother protectively filed an application for supplemental security income on Plaintiff's behalf, alleging that he was disabled due to a learning disorder and attention deficit hyperactivity disorder (ADHD), with an onset date of August 1, 2006. AR 138. The application was denied initially and upon reconsideration, and Plaintiff requested a hearing. AR 57, 69, 102.

The hearing was held before Administrative Law Judge M.J. Adams in Yakima, Washington, on May 6, 2015. AR 39. In a decision dated June 25, 2015, the ALJ found Plaintiff's severe impairments included: ADHD and a learning disorder. AR 21. The ALJ found that Plaintiff's impairments did not meet or equal a listing. AR 21-22. The ALJ went on to determine that Plaintiff "experiences no more than one marked impairment in the major functional areas" — that being a marked limitation in acquiring and using information. AR 23, 26. As such, the ALJ denied Plaintiff's claims. AR 32.

On October 19, 2016, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became final. AR 1. On December 22, 2016, Plaintiff filed this lawsuit, appealing the ALJ's decision. ECF No. 1. The parties subsequently filed the instant summary judgment motions. ECF Nos. 11 & 12.

//

/

---

[2] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, the parties' briefs, and the underlying records.

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF - 2

## **II. THREE-STEP PROCESS FOR CHILD DISABILITY**

A child under the age of 18 is disabled within the meaning of the Social Security Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *see also* 20 C.F.R. § 416.906. The regulations provide a three-step process to determine whether a claimant satisfies this criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Third, if the ALJ finds a severe impairment, the ALJ must then consider whether the impairment either "medically equals" or "functionally equals" a listed disability. 20 C.F.R. § 416.924(c), (d).

At the third step, if the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must still determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains are designed "to capture all of what a child can or cannot do," and are as follows:

(1)   Acquiring and using information;

        (2)   Attending and completing tasks;

        (3)   Interacting and relating with others;

        (4)   Moving about and manipulating objects;

        (5)   Caring for self; and

        (6)   Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

A child's impairment will be deemed to functionally equal a listed impairment if his condition results in "marked" limitations in at least two domains, or an "extreme" limitation in at least one domain. 20 C.F.R. § 416.926a(a). A "marked limitation" is present in a domain if the child's impairment "interferes seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [his] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

### III. ALJ'S DECISION

At the first step in this case, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since applying for disability. AR 21. At the second step, the ALJ found that Plaintiff "has the following severe impairments: attention deficit hyperactivity disorder ('ADHD') and learning disorder." AR 21. And, at the third step, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments" AR 21.

The ALJ found that Plaintiff's learning disorder does not show the requisite sub-average intellectual functioning because Plaintiff's Full Scale Intelligence Quotient score is 90, which is in the low average range. AR 21. The ALJ likewise found that Plaintiff's allegations of disability due to ADHD are not supported by the objective medical evidence. AR 23. The ALJ noted that Plaintiff's school progress reports showed variable results and included a large amount of absences. AR 23, 27. The ALJ also pointed to recent medical reports in which Plaintiff reported that he "has been paying attention in class and not causing disruptions," and that he is "'feeling good' and does not need an increase in his medication dose." AR 24. The ALJ said that "when considered with the other medical evidence of record, the claimant ultimately experiences no more than one marked impairment in the major functional areas." AR 23. The ALJ therefore concluded that Plaintiff is not disabled. AR 31.

In arriving at this conclusion, The ALJ gave "little weight" to the evidence presented by Plaintiff's mother, Ms. Alvarado. AR 24. The ALJ found that although Plaintiff suffered from medically determinable impairments that could reasonably be expected to produce the alleged symptoms, "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR 23. The ALJ said that the most important reason for not giving significant weight to Ms. Alvarado's assessment of

Plaintiff's symptoms was "because it is simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." AR 25.

The ALJ gave "significant weight," however, to the opinions of the State consultative and reviewing physicians because "their assessments are supported by objective signs and findings upon examination, and in the preponderance of the record at the time they provided their assessments." AR 24. The ALJ adopted the State consultants' conclusions for all six functional-equivalence domains, finding that Plaintiff has (1) marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in caring for self; and (6) no limitation in health and physical well-being. AR 26–31. The ALJ further noted that these domain findings were consistent with the teacher questionnaire completed by Plaintiff's third-grade teacher, Janice Walker. AR 24.

### IV. STANDARD OF REVIEW

This Court will reverse an ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

It is the role of the ALJ, not this Court, to weigh conflicting evidence and make credibility assessments. If the evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Court will also uphold "such inferences and conclusions as the [ALJ] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). However, if the ALJ applied an incorrect legal standard in weighing the evidence and arriving at his decision, the Court will reverse unless the error was harmless. *See Molina*, 674 F.3d at 1111.

### V. **DISCUSSION**

Plaintiff seeks judicial review of the Commissioner's final decision denying him benefits. Plaintiff contends that the ALJ reversibly erred by (A) failing to call a medical expert; (B) improperly weighing the testimony evidence and ignoring teacher questionnaires; and (C) improperly assessing the functional equivalence domains. *See* ECF No. 11.

**A. Case Review by a Qualified Specialist**

Section 1382c(a)(3)(I) of the Social Security Act provides:

> In making any determination under this title . . . with respect to the disability of an individual who has not attained the age of 18 years . . . the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

42 U.S.C. 1382c(a)(3)(I). The Court of Appeals for the Ninth Circuit has interpreted this provision to mean that "the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003).

After the Ninth Circuit decided *Howard ex Rel. Wolff*, the Social Security Administration issued Social Security Acquiescence Ruling 04-01(9) in response, which included the following:

> To satisfy this requirement, the ALJ or AAJ may rely on [a] case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert. When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, *the record must include the evidence of the qualifications of the State agency medical or psychological consultant*. In any case, the ALJ or AAJ must ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered.

AR 04-1(9) at *3, 2004 WL 5846720, 69 FR 22578-03 (S.S.A. Apr. 26, 2004) (emphasis added).

In this case, the ALJ relied on case evaluations by three separate State agency consultants: Dr. Edward T. Beaty, who prepared a report on June 8, 2012, *see* AR 52; Dr. Leslie Postovoit, who prepared a report on July 9, 2013, *see* AR 60; and Dr. Anita Peterson, who prepared a report on November 22, 2013, *see* AR 69. The only reference to these three consultants' qualifications, however, is the notation "Ph.D. 38" next to each of their names, which indicates that each had a medical specialty in psychology. The fact that all these doctors

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF - 8

were State-agency psychological consultants is highly suggestive that each was fully qualified to conduct a case review.[3] Nonetheless, there is no evidence in the record of the doctors' actual qualifications. As such, the Court holds that the ALJ failed to comply with the requirements of AR 04-1(9).

**B.     Teacher Questionnaires**

The ALJ is responsible for deciding functional equivalence after consideration of all evidence submitted. 20 C.F.R. § 416.926a(n). In making this determination, the ALJ considers test scores together with reports and observations of school personnel and others. *See* 20 C.F.R. §§ 416.924a(a), 416.926a(e)(4)(ii). The ALJ also considers how much extra help the child needs, how independent he is, how he functions in school, and the effects of treatment, if any. *See* 20 C.F.R. § 416.926a(b). In evaluating this type of information, the ALJ will consider how the child performs activities as compared to other children his age who do not have impairments. *Id.* Often, this

---

[3] The number 38 is the specialization code for psychology. *See* Social Security Program Operations Manual System, DI 28084.050 (available at https://secure.ssa.gov/poms.nsf/lnx/0428084050).
> A psychological consultant can be either a licensed psychiatrist or psychologist. [The SSA] will only consider a psychologist qualified to be a psychological consultant if he or she:
> (1) Is licensed or certified as a psychologist at the independent practice level of psychology by the State in which he or she practices; and
> (2) (i) Possesses a doctorate degree in psychology from a program in clinical psychology of an educational institution accredited by an organization recognized by the Council on Post-Secondary Accreditation; or
>     (ii) Is listed in a national register of health service providers in psychology which the Commissioner of Social Security deems appropriate; and
> (3) Possesses 2 years of supervised clinical experience as a psychologist in health service, at least 1 year of which is post-masters degree.

20 C.F.R. § 416.1016.

information comes from non-medical sources such as parents, teachers, therapists, and others who have regular contact with the child. *See, e.g.*, 20 C.F.R. § 416.913(c)(3), (d); Social Security Ruling (SSR) 98-1p, IV.B. (Sources of Evidence).

In this case, Plaintiff's fourth-grade teacher, Norma Jaimes, filled out a questionnaire dated October 25, 2013. Contrary to the ALJ's findings, Ms. Jaimes indicated that Plaintiff has either a "serious problem" or a "very serious problem" with most of the factors relating to "attending and completing tasks." *See* AR 216.

The domain of attending and completing tasks is concerned with a child's ability to focus and maintain attention and ability to see tasks to completion. *See* SSR 09-4p. A typically functioning school-age child is expected to (1) focus attention in a variety of situations; (2) concentrate on details and avoid careless mistakes; (3) change activities without distracting others; (4) sustain attention sufficiently to participate in group sports, read alone, or complete family chores; and (5) complete a transition task without extra reminders or supervision. SSR 09-4p.

After reciting the relevant laws and regulations, the ALJ's entire individualized discussion of the domain of attending and completing tasks is set forth as follows:

> The education records show many absences from school prior to the claimant's time in the 5th grade, as well as problems with completing homework assignments. However, as discussed above, Ms. Walker's teacher questionnaire, shows that the claimant only had a very serious problem with completing class or homework assignments. The claimant was rated as having no more than an obvious problem for the remainder of the attending and completing tasks domain. In addition, treatment records show that the claimant has been

doing well since increasing the dosage of his medication. The claimant reports that he is passing all of his classes and is paying attention and not disrupting class. According, the undersigned finds less than marked impairment in this domain. This conclusion is also supported by the opinions of the DDS reviewers.

AR 27 (internal record citations omitted).

In this section of his decision, as well as in other sections, the ALJ referred to the teacher questionnaire that was prepared on June 12, 2013, by Plaintiff's third-grade teacher, Janice Walker. Nowhere in his decision, however, did the ALJ mention the most recent teacher questionnaire, which was prepared by the fourth-grade teacher, Ms. Jaimes on October 25, 2013, and strongly suggests that Plaintiff has at least a marked limitation in the domain of attending and completing tasks. *See* AR 216. Further, when Dr. Peterson reviewed the case on November 22, 2013, she included specific references to the Ms. Walker's questionnaire in her assessment for each of the six domains, yet she did not address Ms. Jaimes's fourth-grade questionnaire. *See* AR 75–76.

Evidence from a layperson relating to claimant's symptoms "cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted). If the ALJ intends to discount the testimony of any lay witnesses, the ALJ "must give reasons that are germane to each witness." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Here, the Court cannot be confident that either the State reviewer or the ALJ properly considered Ms. Jaimes's teacher questionnaire in determining that Plaintiff had less than a marked limitation in attending and

completing tasks. The Court therefore holds that the ALJ erred by failing to address the highly probative teacher questionnaire.

The Ninth Circuit instructs that "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *See Stout*, 454 F.3d at 1056. Ms. Jaimes's teacher questionnaire identified significant limitations in the domain of attending and completing tasks; properly considered it arguably could have compelled a different disability finding by a reasonable ALJ. Therefore, the ALJ's failure to address the questionnaire constitutes reversible error. *See id.; see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (stating that the Ninth Circuit has never found an error harmless where an ALJ silently disregards lay testimony about how an impairment limits a claimant).

The Court remands this case for the ALJ to conduct another review and enter a new decision that addresses all the evidence favorable to Plaintiff, including Ms. Jaimes's teacher questionnaire. As such, this Court need not address Plaintiff's remaining arguments relating to whether the ALJ gave sufficient weight to Ms. Alvarado's testimony and whether the ALJ properly assessed Plaintiff's functional equivalence domains.

**C.   Remand vs. Award of Benefits**

Plaintiff urges the Court to reverse for an immediate award of benefits. The decision whether to remand for further proceedings or

reverse and award benefits is within the discretion of the Court. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome." *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

In this case, the Court is reversing the ALJ's decision simply because the record did not contain the case-reviewers' qualifications as required, and because the ALJ either failed to consider Ms. Jaimes's teacher questionnaire or disregarded it without adequate explanation. It is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. As such, the Court remands for further proceedings.

### VI. CONCLUSION

For the reasons discussed above, the Court reverses the decision of the ALJ and remands for further proceedings. On remand, the ALJ should "obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist." *Howard*, 341 F.3d

at 1014; *see also* 42 U.S.C. 1382c(a)(3)(I).  If the ALJ relies on any State consultants, he shall ensure that the record contains each consultant's qualifications and explain how each consultant's evaluation was considered.[4]  *See* AR 04-1(9).  Where the ALJ rejects or disregards valid and probative evidence that supports Plaintiff's claims of disability, the ALJ must provide reasons for doing so.  *See Nguyen*, 100 F.3d at 1467.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED IN PART**; this matter is **REMANDED** to the agency for further proceedings consistent with this Order.
2. The Commissioner's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.
3. The Clerk's Office is to enter **JUDGMENT** in favor of Plaintiff.
4. The case shall be **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to file this Order, enter Judgment for the Plaintiff, provide copies to all counsel, and close the file.

**DATED** this ___2nd___ day of October 2017.

> ___ s/Edward F. Shea___
> EDWARD F. SHEA
> Senior United States District Judge

---

[4] Arguably, the ALJ could satisfy this requirement by simply adding the State consultants' qualifications to the record.  The Court notes, however, that the latest consultant's review – performed by Dr. Peterson on November 22, 2013, *see* AR 69 – is now nearly four years old.  The Court therefore encourages the ALJ to have a qualified specialist conduct a new case evaluation.